IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JEANETTE SLAUGHTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-12-018 |
| | § | |
| COLLEGE OF THE MAINLAND, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Jeanette Slaughter has filed a Motion for Leave to file her second amended complaint. (Dkt. Nos. 32, 33). Plaintiff seeks leave to add a new party, Al Bass, as a defendant in his official and individual capacities. (Dkt. No. 32, 33 at ¶1). Defendant opposes the Motion, which Plaintiff brings "outside of the matter of course" provided under Rule 15 of the Federal Rules of Civil Procedure, on several grounds. (Dkt. No. 36). The Court, having carefully considered the Plaintiff's Motion and Defendant's response thereto, finds that Slaughter has failed to make a valid claim under §1981 for which relief could be granted[1] and, even if she had, her request to amend is futile because Slaughter's claims against Bass, which she seeks to bring under 42 U.S.C. §§ 1981 and 1983, are time barred[2] and would not relate back to the original filing[3]

---

[1] *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003) (recognizing that §1981 protects against retaliation for opposition to race discrimination in the workplace).

[2] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (§1981 claims); *Gartrell v. Gaylor*, 981 F.2d 254, 256-57 (5th Cir. 1993) (§1983 claims).

[3] *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, (2010) (where plaintiff mistakenly sued the wrong party and later sought to amend her complaint to add the correct party, the focus is on "what the prospective defendant knew or should have known during the Rule 4(m) period.").

because Bass was not a party that had constructive notice of the case during the time provided under Rule 4(m) of the Federal Rules of Civil Procedure. (*See*, Dkt. Nos. 1, 7, 8, 9). Accordingly, the Court **ORDERS** Plaintiff's Motion for Leave (Dkt. Nos. 32, 33) be **DENIED** as futile.

**DONE** at Galveston, Texas, this _13th_ day of May, 2014.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE